IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHEENA HETZEL,

    Plaintiff,

  v.                                      Civil Action 2:19-cv-2512
                                            Judge George C. Smith
HONDA OF AMERICA MFG.,           Magistrate Judge Jolson
INC., et al.,

    Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Unopposed Motion to Sever Count V and for Partial Remand. (Doc. 8). For the reasons that follow, it is **RECOMMENDED** that the Motion be **GRANTED**.

Count V of Plaintiff's Complaint alleges worker's compensation retaliation in violation of Ohio R.C. § 4123.90. A claim "arising under the workmen's compensation laws" of any state is nonremovable by statute. 28 U.S.C. § 1445(c). Retaliation against an employee for filing for worker's compensation "aris[es] under" Ohio's worker's compensation law. *See Harper v. AutoAlliance Int'l. Inc.*, 392 F.3d 195, 203 (6th Cir. 2004). As a result, this Court lacks subject-matter jurisdiction to hear Plaintiff's claims contained in Count V. But, importantly, the Court has jurisdiction over Plaintiff's remaining claims.

Rule 21 of the Federal Rules of Civil Procedure provides a solution to this problem. The Rule permits federal courts to "sever any claim against a party," including for the purpose of retaining jurisdiction. *Formosa v. Lowe's Home Centers, Inc.*, 806 F. Supp. 2d 1181, 1187 (N.D. Ala. 2011). Where a civil action includes claims within a federal court's original jurisdiction and a claim that is nonremovable by statute, district courts routinely sever the nonremovable claim,

remand the severed claim to the state court, and retain jurisdiction over the remaining claims. *See, e.g.*, *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671 (S.D. Ohio 2014) (following removal, the district court severed and remanded claims against in-state defendants in order to preserve diversity jurisdiction with respect to remaining defendants); *Shaw v. Ring Power Corp.*, 917 F.Supp.2d 1221 (N.D. Fla. 2013) (following removal of case to federal court, the district court judge held the court was required to sever and remand the nonremovable state-law workers' compensation retaliation claim and retain jurisdiction over remaining claims); *Brown v. K-MAC Enterprises*, 897 F. Supp. 2d 1098, 1102 (N.D. Okla. 2012) (affirming that District Courts "must sever and remand the nonremovable claim and retain all other removed claims that are within the Court's original or supplemental jurisdiction"), *citing Bivins v. Glanz*, No. 12–CV–103, 2012 WL 3136115, at *2 (N.D. Okla. Aug. 1, 2012).

Based upon the foregoing, it is **RECOMMENDED** that Plaintiff's Unopposed Motion to Sever Count V and for Partial Remand (Doc. 8) be **GRANTED**.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: July 8, 2019 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE